IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

ALLSTATE INSURANCE CO.,

      Plaintiff,

v.                     CIVIL ACTION NO. 1:07-0483

LINDA KALUK, et al.,

      Defendants.

## MEMORANDUM OPINION

Pending before the court is plaintiff's motion for default judgment against all defendants, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.  Also pending is plaintiff's motion for summary judgment.  For reasons expressed more fully below, the motion for default judgment is GRANTED in part and DENIED in part and the motion for summary judgment is GRANTED.

## 1.  Background

Defendant Linda Kaluk sought a defense and indemnity under her Allstate Homeowners Policy ("the Policy") for claims asserted against her in a case pending in the Circuit Court of McDowell County styled <u>Shannon Renee Kissinger, et al. v. Linda Kaluk</u>, et al., No. 06-C-148-S (hereinafter "the Kissinger action").

The Kissinger action arose out of the deaths of Kaluk's father, Justin Greene Hatcher, and Shannon Renee Kissinger's husband, William Kissinger, from an automobile accident occurring

on May 8, 2006.  Hatcher, ninety-one years old, was driving his
Ford pickup truck east while traveling in the westbound lane of
Route 460 near Princeton.  Hatcher's pickup collided head-on with
the vehicle driven by Shannon Renee Kissinger.  Kissinger's
husband, a passenger in the vehicle, died as a result of the
accident.

      Shannon Renee Kissinger and William Kissinger's mother,
Marlin Williams, filed a complaint in McDowell County Circuit
Court against Kaluk, both individually and in her capacity as
Executrix of Hatcher's estate.  Count One of the Kissinger action
is a claim for negligence against Kaluk in her capacity as
Executrix of her father's estate.  In Count Five of the Kissinger
action, also asserted against Kaluk in her capacity as Executrix,
Williams alleges that she sustained serious and permanent
emotional distress as a result of defendants' negligence because
she came upon the car accident and saw her son's vehicle catch
fire before he was removed.  Count Six, lodged against Kaluk in
her individual capacity, alleges that Kaluk and her sister,
Suzanne Rich, aided and abetted their father in driving under the
influence of drugs.  Count Seven, also asserted against Kaluk and
her sister, alleges that a special relationship between Hatcher
and his daughters imposed a duty on the daughters to control
Hatcher and prevent him from causing physical harm to others.
Finally, Count Eight alleges violation of the Restatement

2

(Second) of Torts § 319, in that Kaluk and Rich took charge of their father but negligently breached their duty to exercise reasonable care to control him and keep him from driving.

After Kaluk demanded that Allstate defend and indemnify her in the Kissinger action, Allstate filed the instant declaratory judgment action.  Allstate seeks a declaration by this court that the Policy provides no coverage for the claims asserted in the Kissinger action and that Allstate has no duty to defend or indemnify Kaluk with respect to those claims.

## 2.  **Motion for Default Judgment**

The clerk's entry of default as to Marlin Williams was entered on March 7, 2008.  The Clerk's entry of default as to Shannon Renee Kissinger was entered on April 1, 2008.  Defendant Linda Kaluk filed an answer and, accordingly, default has not been entered against her.  The court hereby **GRANTS** the plaintiff's motion for default judgment as to defendants Williams and Kissinger.

## 3.  **Motion for Summary Judgment**

Allstate has filed a motion for summary judgment to which no defendant has filed a response in opposition.  Given that no response was filed to the motion, it is difficult to discern the basis for Kaluk's belief that the Policy provides coverage for the Kissinger action.  However, in her Answer to Plaintiff's Combined Interrogatories and Requests for Production of Documents

to Defendant, Kaluk stated that "Allstate's duty to defend and
its coverage depends upon findings made and the jury verdict in
the underlying civil action pending in McDowell County.  If the
Court or jury in that case finds that Defendant's father, Justin
Hatcher, is an `insured person' as defined by Allstate in the
applicable policy, then coverage is provided pursuant to Coverage
Y(2)(b) at pages 23 and 24 of the applicable policy." Exhibit B
to Motion for Summary Judgment at 4-5.  Coverage Y refers to the
Policy's Guest Medical Protection.

      A.    *Insured Person*

The Policy defines an "insured person" as the named
insured and, if a resident of the named insured's household, any
relative or dependent person in the named insured's care.  It is
clear that Hatcher was not an insured person under the Policy.
Likewise, neither the Hatcher estate nor Kaluk in her capacity as
Executrix, falls within the definition of named insured.  The
named insured was Linda Kaluk.  In her Answer to Plaintiff's
Second Set of Interrogatories and First Request for Admissions,
Kaluk admitted that her father was neither a resident of her
household nor a dependent person in her care on May 6, 2006.

      B.    *Family Liability Protection*

Under the Family Liability Protection portion of the
Policy, Allstate agreed to "pay damages which an insured person
becomes legally obligated to pay because of bodily injury or

4

property damage arising from an occurrence to which this policy applies. . . ."  The Policy defines occurrence as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in bodily injury or property damage."

The Policy also has a number of exclusions for which Kaluk was not covered.  Specifically, the Policy did not cover losses 1) for intentional or criminal acts of, or at the direction of, an insured; 2) arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any motor vehicle or trailer; and 3) arising out of the negligent supervision by an insured person of any person or any liability statutorily imposed on any insured person with regard to the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading, or unloading of any aircraft, watercraft, motor vehicle or trailer.

Based upon these exclusions, it is clear that the Policy does not cover the claims against Kaluk in the Kissinger action. First, the Policy specifically states that it does not cover losses arising out of the use of a motor vehicle.  Second, the policy does not cover losses arising out of the negligent supervision by an insured person of any person with regard to the use of a motor vehicle.  Third, there is no occurrence within the meaning of the Policy as to Kaluk.

5

3.      *Guest Medical Protection*

Under the Guest Medical Protection portion of the Policy, the section that Kaluk contends provides coverage in the Kissinger action, Allstate agreed to "pay the reasonable expenses incurred for necessary medical, surgical, x-ray and dental services; ambulance, hospital, licensed nursing and funeral services; and prosthetic devices, eye glasses, hearing aids, and pharmaceuticals."  According to the Policy, a person who sustains bodily injury is entitled to this protection when that person is 1) on the insured premises* with the permission of an insured person; or 2) off the insured premises, if the bodily injury: a) arises out of a condition on the insured premises; b) is caused by the activities of an insured person or a residence employee; c) is caused by an animal owned by or in the care of an insured person; or d) is sustained by a residence employee and arises out of and in the course of employment.  Clearly, the "occurrence" in this case did not occur on the insured premises, arise out of a condition on the insured premises, was not caused by an animal, and was not sustained by a residence employee.  Therefore, the Policy would provide coverage only if it is shown that the alleged bodily injury was caused by Kaluk's activities.

_____

\* The insured premises is 1110 Juniper Drive, Christiansburg, VA 24073-5810.

6

Even assuming that plaintiffs in the Kissinger action could clear this hurdle, the Guest Medical coverage in the Policy contains the same exclusions as those found in the Family Liability Protection coverage.  Accordingly, because numerous exclusions apply and for the reasons discussed previously, the Policy does not provide Guest Medical Protection coverage.

Based on the foregoing, plaintiff's motion for summary judgment should be GRANTED.

## 4.  Conclusion

For the reasons discussed above, plaintiff's motion for default judgment against defendants Kissinger and Williams is granted.  The motion for summary judgment is granted as well.

The Clerk is directed to send a copy of this Memorandum Opinion to counsel of record and all unrepresented parties.  A Judgment Order of even date herewith will be entered.

**IT IS SO ORDERED** this 15th day of October, 2008.

ENTER:

David A. Faber
United States District Judge